IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY W. HUBBARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 2:15CV947-MHT |
| | ) |
| METRO PCS, | ) |
| | ) |
| Defendant. | ) |

**ORDER and RECOMMENDATION of the MAGISTRATE JUDGE**

Upon consideration of the Motion for Leave to Proceed *in Forma Pauperis* (Doc. 5) filed by Plaintiff, it is

ORDERED that the Motion be and is hereby GRANTED.

On December 22, 2015, Plaintiff Anthony W. Hubbard filed a complaint against Metro PCS, alleging "false advertis[ing] [of] corporate policies," "inflate[d] profits and bonuses for individuals and specified employees," and a "Ponzee scheme to collect additional kickback revenues." Doc. 1, p. 1. In addition, he alleges that there is an "account being paid, transacted through Jan. 11, 2016," that this matter "to date has not been resolved to mediate the criminal intent initiated by defendants against plaintiff in this action class by law," and that the defendants are ignoring "civil, state, [and] federal regulatory statue." *Id*., p. 2. Plaintiff requests $500,000 in punitive damages. *Id*.

Upon conducting a review of the Complaint pursuant to 28 U.S.C. § 1915(e), the court determined that Plaintiff failed to state a viable claim against the defendant. The

court therefore gave Plaintiff an opportunity to file an Amended Complaint which presents a viable claim against any individuals and/or the corporate entity. Doc. 4.

On January 11, 2016, Plaintiff filed an Amended Complaint, in which he alleges that he suffers from "below average health due to the defendants trial and errors." Doc. 6, p. 1. He also alleges that representatives employed by the defendant engaged in "oral deception" regarding "the cell phone device" and engaged in a "Ponzee scheme to collect insurance deductible." *Id*., pp. 1, 3. In addition, he alleges that he suffered "medical punitive damages" and that the costs of "over-the-counter prescribed" medication is "$1200.00 per month." *Id*., p. 2. Upon review of the pleadings[1], the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

## DISCUSSION

All litigants, including those proceeding *pro se*, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe the plaintiffs' pleadings, *see Hughes v. Rowe*, 449 U.S. 5 (1980), the court does not have

---

[1] Out of an abundance of caution and in light of Plaintiff's status as a pro se litigant, the court will assume that the facts as alleged in the initial Complaint are subsumed within the Amended Complaint for purposes of this Recommendation.

[2] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain a cause of action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). The complaint is long on rhetoric and short on facts. Although a complaint need not contain "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), it must contain "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

> In order for the plaintiff to satisfy his "obligation to provide the grounds of his entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly* , 550 U.S. ___, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (May 21, 2007) (citations and quotations omitted). Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 127 S.Ct. at 1966-67. Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.' " *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir.2001) (quoting *In re Plywood Antitrust Litig.,* 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

*Financial Sec. Assur., Inc. v. Stephens, Inc*., 500 F.3d 1276, 1282-83 (11th Cir. 2007). *See generally, Powell v. Barrett,* 496 F.3d 1288, 1304 (11th Cir. 2007).

Furthermore, once leave to proceed *in forma pauperis* is granted, section 1915(e)(2) authorizes the court to dismiss a case at any time if it determines that a complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). *See also Procup v. Strickland*, 760 F.2d 1107,

1114 (11th Cir. 1985).  A district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  A lawsuit is frivolous if the "plaintiff's realistic chances of ultimate success are slight." *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990).

    The pleadings are not a model of clarity.  To the extent Plaintiff attempts to bring a federal civil action for false claims against Metro PCS, he fails to allege a facially plausible claim for relief.  *See* 31 U.S.C. § 3730(b).   In addition, nothing in the pleadings indicate that the defendant's actions as alleged meet the definition of a Ponzi scheme. *See Securities America, Inc. v. Rogers*, 850 So.2d 1252 (Ala. 2002) ("'The term 'ponzi scheme' refers to an investment scheme whereby returns to investors are financed, not through the success of an underlying business venture, but from the principal sums of newly attracted investors. . . .  Initial investors are actually paid the promised returns, attracting additional investors.' *In re Primeline Sec. Corp.*, 295 F.3d 1100, 1004 n.2 (10th Cir. 2002).").  He also fails to allege any factual allegations which adequately raise a plausible fraud or misrepresentation claim above the speculative level.  *See Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1987 (11th Cir. 1987) (discussing in general the statute of frauds and fraudulent misrepresentation).  This court concludes that all of the claims as alleged against Metro PCS are frivolous and/or fail to state a claim

upon which relief may be granted.  Consequently, the claims against Metro PCS are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## CONCLUSION

Accordingly, it is the

RECOMMENDATION of the Magistrate Judge that this case should be dismissed prior to service of process  pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **February 1, 2016.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as

5

binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of January, 2016.

                            /s/Terry F. Moorer
                            TERRY F. MOORER
                            UNITED STATES MAGISTRATE JUDGE